**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2465
_____

JEFFREY D. HILL,
                              Appellant

v.

SCOTT PERRY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-22-cv-00560)
District Judge:  Honorable Matthew W. Brann


_____

No. 22-2466
_____


JEFFREY D. HILL,
                              Appellant

v.

RICK SACCONE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-22-cv-00689)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 21, 2023

Before:  JORDAN, GREENAWAY, JR., and NYGARARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 10, 2023)
_____

OPINION<sup>*</sup>
_____

PER CURIAM

In these consolidated appeals, pro se appellant Jeffrey Hill challenges orders

dismissing his civil actions.  We have jurisdiction under 28 U.S.C. § 1291.  For the

following reasons, we will affirm.

In 2022, Hill filed three similar actions seeking to remove political candidates

from the ballot and to bar them from holding office based on their alleged involvement in

the events that transpired at the U.S. Capitol on January 6, 2021.  The actions concerned

Doug Mastriano, then a candidate for Pennsylvania Governor; Rick Saccone, then a

candidate for Pennsylvania Lieutenant Governor; and Scott Perry, then a candidate for

United States Congress.  Approving and adopting a Magistrate Judge's reports and

recommendations, the District Court dismissed the actions.  Hill appealed in each case.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We recently affirmed the District Court's dismissal of the action concerning Mastriano. See Hill v. Mastriano, No. 22-2464, 2022 WL 16707073 (3d Cir. Nov. 4, 2022).

Since Hill's claims in each case are materially identical, our analysis from Mastriano applies with full force here, with one exception. Because the 2022 election has already occurred, we are now unable to grant one form of relief that Hill requested—to remove the candidates from the ballot. We therefore dismiss the appeals in part. See generally Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996).

To the extent Hill requested prospective relief (including removing Perry from office and permanently disqualifying him or Saccone from holding office in the future), we will affirm the District Court's judgments for the reasons we provided in Mastriano. That is, Hill lacks standing to pursue a claim under the "Disqualification Clause" of the Fourteenth Amendment because he failed to allege a particularized injury. See Mastriano, 2022 WL 16707073, at *1. The District Court also lacked jurisdiction to consider Hill's writ of quo warranto and, "[w]ithout an independent basis for subject matter jurisdiction, the District Court could not issue mandamus relief." Id. at *2.

Accordingly, we will dismiss the appeals in part and otherwise affirm the District Court's judgments.